**Dated: October 26, 2011**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

| | |
|---|---|
| **JOHN HERBERT JOHNSON** | Case No. 05-73440-TRC |
| **ANGELA RENE JOHNSON**, | Chapter 13 |
| Debtors. | |

**JOHN HERBERT JOHNSON,**
    Plaintiff,

v.                                                             Adversary Case No. 11-8017-TRC

**SAXON MORTGAGE SERVICES, INC.,**
    Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

    On October 19, 2011, Plaintiff's Motion for Default Judgment (Docket Entry 9) came on for hearing before this Court. Appearing on behalf of Plaintiff was Greggory T. Colpitts. No one appeared on behalf of Defendant Saxon Mortgage Services, Inc.

    Plaintiff has moved for judgment by default pursuant to Fed. R. Civ. P. 55(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7055, due to Defendant's failure to plead or otherwise defend this action. The Court set this matter for hearing pursuant to Fed. R. Civ. P.

55(b)(2) to determine the proper amount of damages. After hearing the testimony of Plaintiff, and reviewing the evidence, the Court makes the following findings of fact and conclusions of law.

Findings of Fact.

Plaintiff's Complaint was filed July 6, 2011. A Summons was duly issued to Defendant by the Clerk of the Bankruptcy Court on July 6, 2011. The Clerk of the Bankruptcy Court, having reviewed Plaintiff's Request for Entry of Default by the Clerk, filed an Entry of Default herein on August 22, 2011, pursuant to Fed. R. Civ. P. 55(a). (Docket Entry 8). Plaintiff filed a Motion for Default Judgment on August 24, 2011. It was served on Defendant by First Class Mail on August 24, 2011. There is no dispute that Defendant has failed to answer or otherwise appear and defend itself in this proceeding and is in default.

Prior to the commencement of this adversary proceeding, Plaintiff and his ex-wife were in Chapter 13 bankruptcy in this Court. Their Chapter 13 Plan was approved and confirmed by this Court on November 21, 2005. (Plaintiff's Exhibit 1). That Plan provides that Plaintiff's second mortgage held by Defendant would be paid in full by the end of the Plan term, based upon the payoff amount provided by Defendant. (Plaintiff's Exhibit 20).

Defendant filed a Proof of Claim for the second mortgage in the amount of $ 6,599.58. (Plaintiff's Exhibit 19). Defendant also sent a message by fax to the Chapter 13 Trustee's office stating that the $ 6,599.58 amount on its Proof of Claim represented the pay-off amount for the second mortgage on the date of filing. (Plaintiff's Exhibit 20). The Chapter 13 Trustee's Disbursement Records and Final Accounting reflect that Plaintiff's second mortgage was paid in full through the Plan. (Plaintiff's Exhibits 3 & 4). Plaintiff and his ex-wife received a Discharge After Completion of Plan Payments pursuant to 11 U.S.C. § 1328(a) on September 10, 2010. (Plaintiff's

Exhibit 5).

After Plaintiff's discharge, Defendant contacted Plaintiff several times by telephone attempting to collect a debt paid through the Chapter 13 plan. Defendant called repeatedly and left messages on Plaintiff's answering machine. Defendant also sent statements and a letter in an attempt to collect a debt paid through the Chapter 13 plan. (Plaintiff's Exhibits 6-15, 17). Defendant sent other letters to Plaintiff which he did not open. During a telephone conversation with Defendant, Plaintiff advised Defendant that the mortgage had been paid in full through the Plan. Defendant's last statement indicated that Plaintiff's principal balance was $ 2,925.88. Plaintiff desires to sell his home and Defendant's failure to release the mortgage is hampering that effort.

Plaintiff made written demands on Defendant to release the second mortgage throughout the course of this adversary proceeding. This was done by filing the Complaint and sending a summons to Defendant, by the request for entry of Clerk's Default, and by the Motion for Default Judgment. However, Defendant has failed to file a release of the second mortgage as required by state law and the terms of the Chapter 13 plan. One hundred days have elapsed since the expiration of Defendant's grace period of ten days to release Plaintiff's second mortgage after receiving written demand and notice, pursuant to Okla. Stat. tit. 46, § 15.

Plaintiff submitted an invoice from his counsel, which included detailed time records and an itemization of costs. The invoice reflects that Plaintiff has incurred $ 4,670.00 in attorney fees and $ 38.40 in costs in bringing this action.

Conclusions of Law

Based upon the above findings of fact and allegations contained in the Complaint, the Court enters the following conclusions of law:

Defendant is in default for failure to answer or defend. Therefore, based upon the evidence and allegations before this Court, the Court finds that Plaintiff has established his case as a matter of law, and Plaintiff is entitled to judgment against Defendant as follows:

On Plaintiff's First, Second, and Fourth Causes of Action, Plaintiff shall be awarded $ 2,500.00. The Court does not find sufficient evidence of egregious actions by Defendant to support an award of punitive damages as requested in Plaintiff's Fifth Cause of Action.

On Plaintiff's Third Cause of Action for Defendant's failure to release the mortgage pursuant to Okla. Stat. tit. 46, § 15, Plaintiff shall be awarded $ 6,599.48, the maximum amount that may be awarded. Based upon this statute, and this Court's equitable powers pursuant to 11 U.S.C. § 105, Defendant shall also be directed to prepare and record a release of its second mortgage in the appropriate county clerk's office. Defendant shall file the release within fifteen days of the entry of this Court's Order and Judgment.

The attorney fees and costs incurred by Plaintiff in this action appear reasonable, therefore Plaintiff shall be awarded attorney fees in the amount of $ 4,670.00, and costs in the amount of $ 38.40.

A separate Judgment shall be entered concurrently herewith.

###